**Ronald SMOCZYNSKI, a minor by Joseph Smoczynski, his father and next friend, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 15029.**

United States Court of Appeals Seventh Circuit.

Oct. 6, 1965.

Rehearing Denied Oct. 27, 1965.

Schnackenberg, Circuit Judge, dissented.

John D. Hayes, Jerome H. Torshen, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, John Powers Crowley, Jack B. Schmetterer, Asst. U. S. Attys., Chicago, Ill., for appellee.

Before DUFFY, SCHNACKENBERG and KNOCH, Circuit Judges.

KNOCH, Circuit Judge.

Plaintiff, Ronald Smoczynski, a minor, brought this action by his father and next friend, Joseph Smoczynski, under the Federal Tort Claims Act to recover damages for injuries sustained through the alleged negligence of defendant's agent, the driver of a U. S. Mail truck. A separate trial on the issue of liability was had by the Court sitting without a jury.

At the close of the plaintiff's case, the District Judge sustained the defendant's motion for dismissal under Rule 41(b), Federal Rules of Civil Procedure, pursuant to which he entered findings of fact and conclusions of law, as directed in Rule 52(a), Federal Rules of Civil Procedure. This appeal followed.

The site of the accident out of which this action arose was a business area near the Timken Roller Bearing Company plant on the south side of 47th street in the 4600 west block. There is an adjacent parking lot to the east reached from 47th street by a driveway across the public sidewalk.

Plaintiff, seven years old at the time of the accident on July 11, 1963, and nine years old at the time of the trial, was a witness at the trial. He testified that he and four other boys were riding their bicycles in an easterly direction to Archer Park to play ball. The exact location of this park does not appear from the evidence. However, the pictures of the site showing the surrounding several blocks disclose no park within sight, but merely a business district.

Of the five boys, plaintiff alone was riding on the sidewalk on the south side of 47th street. Three other boys were on the opposite north side of the street and further along. One, Carl Lamanna, thirteen years old at the time of the trial, was also on the south side of 47th street, but was riding in the street. Carl Lamanna testified that he first saw the defendant's mail truck in the curb lane about five yards from the curb just west of the driveway into the parking lot, behind plaintiff, and starting forward very slowly to turn into the parking lot. He stated that he rode close to the curb and passed in front of this truck with about five feet between the truck and the curb, riding at an average rate of speed. He was riding a larger bicycle than the plaintiff. He testified that he saw the truck in his rear view mirror and then turned to look back over his shoulder and saw the truck turning into the driveway. He said that he called to the driver "that there was another boy coming" but "I guess he didn't hear me." He placed himself at about four yards ahead of

plaintiff, but also said that he was only three feet from the next corner, a much greater distance away, when the accident occurred.

He testified that he saw no turn siggal on the truck and heard no horn. Plaintiff was not asked about the horn or turn signals. But plaintiff testified that he saw the truck turning slowly, "just barely going" into the driveway; that Carl was almost at the viaduct, about a block away, and that plaintiff, who had been riding at a "regular speed" speeded up to get around the truck to catch up with his companions. Carl said that plaintiff veered about one foot to the right side of the sidewalk to "beat the truck." He identified the position of the truck after the accident from a photograph showing the truck with its front end just into the parking lot and its body across the sidewalk. He stated that it moved only one and one-half feet after the impact. Carl said that the right bumper of the truck and the left side of the plaintiff's bicycle came into contact. Plaintiff said the left center of his bicycle at the pedal was struck. Only the pedal was bent. No other witnesses to the accident were called.

Plaintiff contends that the evidence showed an unobstructed view from which the driver should have known that children were playing in the area, that he made his turn without visual or sound signal, ignored a shouted warning, failed to maintain a look-out for children in the vicinity in a zone of danger as he turned from the street onto the sidewalk. Plaintiff argues that negligence was shown and that no issue of contributory negligence can arise because of the plaintiff's youth.

Because the District Judge spoke of viewing the evidence in its most favorable light and finding no disclosure of any of the specific acts of negligence charged in the complaint, and also commented orally on lack of sufficient evidence to sustain a prima facie case, plaintiff argues that the District Judge (sitting without a jury) did not weigh the evidence; that he never reached that stage of analysis, but concluded as a matter of law, not fact, that plaintiff could not recover. Plaintiff contends further that the District Court made an erroneous interpretation of the law, denying the plaintiff a proper trial.

From our own study of the record, we cannot agree. The District Judge did weigh the evidence as to credibility. In his opinion, for example, he comments on the reliability of the report of a boy, twelve years old at the time of the accident, of what he remembered observing through a rear-view mirror on a bicycle as he rode away, and refused to accept Carl's testimony that by looking first in his rear-view mirror and then over his shoulder as he rode away, he was able to see that the driver in the mail truck was watching Carl instead of the plaintiff. The District Judge did accept the testimony of the same witness as to the slow pace of the truck and to the fact that it stopped in one and one-half feet. He found specifically as a fact that there was no proof of negligence on the driver's part and found that the proximate cause of the injury was the plaintiff's own action. He found that (as plaintiff himself testified) plaintiff saw the truck and made no attempt to apply his bicycle brakes, veer to the left to the parkway between the sidewalk and street, or to the right into the parking lot, but instead deliberately increased his speed, veering only slightly to the right, remaining on the sidewalk which was blocked by the truck. The Trial Judge never reached the issue of contributory negligence.

■ The evidence is clear that the plaintiff saw the truck. Any failure to use the horn or turn signal could not have been the proximate cause of the accident. The slow speed of the truck and its prompt cessation of all motion within the space of eighteen inches, despite the distraction of Carl's activities, support the Court's finding that the driver was not deficient in maintaining a look-out.

Even if the driver could have anticipated that plaintiff would suddenly in-

crease his speed in an effort to get by, it is difficult to see what, in the circumstances of this case, by the exercise of the utmost caution, the driver could possibly have done to avert the accident.

■■ The evidence supports the findings of the Trial Judge that there was no proof of negligence. We will not disturb findings of fact unless they cannot be sustained upon a rational view of all of the evidence including all reasonable inferences of which the testimony is susceptible. Shapiro v. Rubens, 7 Cir., 1948, 166 F.2d 659, 666.

■ It is not contested that plaintiff must prove defendant's driver was negligent in order to recover, McClure v. Hoopeston Gas & Electric Co., 303 Ill. 89, 96, 135 N.E. 43, 46, 25 A.L.R. 250 (1922) and that such negligence was the proximate cause of the injury. Heald v. Milburn, 7 Cir., 1942, 125 F.2d 8, 11, cert. den. 316 U.S. 681, 62 S.Ct. 1267, 86 L.Ed. 1754.

The judgment of the District Court is affirmed.

Affirmed.

SCHNACKENBERG, Circuit Judge (dissenting).

A number of children were proceeding on bicycles along 47th Street in broad daylight, on their way to a public playground nearby. There is no evidence that the driver of the United States mail truck had his vision obscured in any way. The weather was clear. It is undisputed in the evidence that plaintiff, a 7-year-old boy, was looking ahead as he rode his bicycle on the south sidewalk and there is no question that he had a legal right to be on the sidewalk. The driver of the mail truck, in view of all these circumstances, turned his truck to the right, went past the south curbstone and started across the sidewalk without looking to see whether his crossing might result in a collision with someone traveling thereon. Despite the effort of the boy to turn to the right and away from the oncoming truck, he was struck and seriously injured.

The action of the district judge, which is now affirmed by this court, is now attempted to be justified by a decision in a chancery case involving a charge of undue influence asserted on a man who died testate and whose will was involved in a court contest which reached this court. Shapiro v. Rubens, 7 Cir., 166 F.2d 659, 666 (1948). It is no reflection upon our decision in Shapiro to point out that the complicated issues in such a will contest bear no remote resemblance to the clear evidence in the case at bar. No question as to credibility is presented here. The majority opinion in this case amounts to a tacit grant of immunity to a truck driver who negligently drives his vehicle across a public sidewalk where one of a group of small boys is lawfully traveling on the way to a neighborhood playground. The opinion exonerates a ruthless driver.

I would reverse and remand for a new trial.