**John E. KEMNITZ, a minor by Laverne Kemnitz, his next friend, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 15692.**

United States Court of Appeals Seventh Circuit.

Nov. 10, 1966.

---

1. 20 U.S.C.A. § 158(b) (4) (i) and (ii) (B).

John R. Fielding, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., Jack B. Schmetterer, Asst. U. S. Atty., Chicago, Ill., John P. Lulinski, Asst. U. S. Atty., of counsel, for appellee.

Before CASTLE, KILEY and CUMMINGS, Circuit Judges.

PER CURIAM.

■ Plaintiff brought this action against the government under the Federal Tort Claims Act (28 U.S.C.A. § 2674) to recover damages for personal injuries allegedly caused by the negligent operation of a United States postal truck. Following trial before the court, the trial judge made and entered findings of fact and conclusions of law. The court found and concluded that the plaintiff had failed to prove by a preponderance or a greater weight of the evidence either the negligence of the defendant or the plaintiff's own exercise of due care for his own safety at the time of the incident. Accordingly, judgment was entered for the defendant, and after denial of his post-trial alternative motion to amend the judgment or for a new trial, plaintiff appealed. A careful examination of the record convinces us that there is no basis upon which we could reject any of the critical factual findings of the District Court as being clearly erroneous. Accordingly, the standard of appellate review governing this action requires that we accept those findings. Barryhill v. United States, 8 Cir., 300 F.2d 690, 693–694. In this connection we had occasion to point out, as recently as Smoczynski v. United States, 7 Cir., 352 F.2d 44, 47, that:

> "We will not disturb findings of fact unless they cannot be sustained upon a rational view of all the evidence including all reasonable inferences of which the testimony is susceptible."

■ The findings are, in substance, that the plaintiff, who was approximately 17 years of age at the time, attempted to cross the street at a point over 100 feet from the nearest intersection or crosswalk on a snowy slippery day without looking for approaching vehicles after having left the stoop of a residence at which he had made a delivery until he was already into the street. He then saw the postal vehicle only a few feet from him. When plaintiff walked into the street he passed in front of an automobile parked at the curb. The truck had entered the street from an intersection over 400 feet distant, was proceeding at about 10 miles per hour, and the driver did not see the plaintiff until he was only a few feet away. The driver applied his brakes and attempted to turn his vehicle to the left [away from the plaintiff], but the impact ensued. The postal truck was brought to a stop within about ten feet beyond the point of impact.

On the basis of these factual findings it is our opinion that the court's conclusions represent the application of correct legal criteria—a proper application of the standards of conduct prescribed by Ill. Rev.Stat.1961, ch. 95½, § 172.

The plaintiff asserts the existence of trial errors, requiring reversal, in the latitude permitted in the cross-examination of a plaintiff's witness, in the admission of testimony the plaintiff characterizes as hearsay, and in the piecemeal manner in which the case was tried.

■■ The scope of permissible cross-examination is largely discretionary. Moreover, the cross-examination here objected to was entirely proper. The witness had testified on direct examination to certain details he observed at the scene when he arrived after the occurrence. The inquiry on cross-examination related to his observations with respect to additional relevant details.

■ The testimony challenged as hearsay concerned instructions given the defendant's driver on the date involved to the effect that weather conditions made it unnecessary that he maintain the normal time schedule in covering his mail-collection route. This testimony was relevant as bearing on the driver's state of mind with respect to his driving speed. It therefore came within a recognized exception to the hearsay rule, and was admissible. Frank v. United States, 10 Cir., 220 F.2d 559, 563–564.

■ Plaintiff complains that the protracted schedule followed at the trial resulted in the piecemeal hearing of the evidence to the ultimate disadvantage of the plaintiff. Despite the rather limited number of witnesses the trial extended over a period of approximately six weeks. The trial commenced on October 22, 1965. The next session was on October 27. Subsequent hearings were held on November 2, November 23, November 29, with a final hearing on December 1, 1965. The intermittent schedule followed by the court, although due to the press of other matters to which it attended during the interim periods involved, is not a practice to be recommended or encouraged. Such procedure warrants only criticism. It rarely can be productive of any benefit insofar as the matter on trial is concerned; it more often carries a potential for harm.

But plaintiff interposed no objection. He agreed to the several recesses. And the trial judge's detailed factual findings and his well-supported conclusions of law indicate a decision arrived at after careful review and appraisal of the transcript of the testimony, with a resulting complete familiarity with the content of the record, plus a deliberate study and considered application of pertinent and controlling legal authority. All of which, in our estimation, serves to negate that any resulting prejudice to the plaintiff actually occurred. We perceive no basis here upon which reversible error could be presumed, much less has its existence been demonstrated.

The judgment order appealed from is affirmed.

Affirmed.